PER CURIAM.
The defendant, Curmit Sibert, appeals from his convictions. We affirm.
The defendant was charged by four-count information with attempted first degree murder, two counts of shooting a deadly missile into his former girlfriend’s home, and aggravated stalking with a firearm. After trial by jury, the defendant was found guilty of aggravated assault with a firearm, a lesser included offense of attempted first degree murder; and guilty of the two shooting counts. The defendant appeals from these convictions.
The defendant contends that, absent a notice of intent to rely on Williams rule evidence, the trial court erred by allowing the State to elicit testimony that the defendant had possessed weapons before, that he had handled concealed weapons before and had gone to jail as a result, and that he had handled firearms a long time ago when he was 18. The defendant alleges that this error was compounded when the State argued in closing that the significance of the defendant having possessed a handgun when he was 18 was that the gun involved in shooting into the victim’s apartment was a small handgun.
Although we agree that the State’s line of questioning was improper in light of Robertson v. State, 829 So.2d 901 (Fla.2002), we find that any error was harmless beyond a reasonable doubt, State v. DiGuilio, 491 So.2d 1129 (Fla.1986), where the State presented the testimony of the victim and two of her family members who unequivocally identified the defendant as the shooter. The defendant contends that the testimony of his alibi witnesses that he was at an all-night card game at the time of the shooting creates reasonable doubt that the error was not harmless. We disagree where the alibi witnesses came forward for the first time on the second day of trial and where their testimony was riddled with inconsistencies regarding the date and time of the card game. There *452 fore, there is no reasonable probability that the error affected the verdict.
Accordingly, we affirm.